**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**AARON WILLIAMS JOHNSON**
**La. D.O.C. #130274**

**VS.**

**BURL CAIN, WARDEN**

**CIVIL ACTION NO. 07-0157**

**SECTION P**

**JUDGE MELANÇON**
**MAGISTRATE JUDGE METHVIN**

**REPORT AND RECOMMENDATION**

Before the court is a *pro se habeas corpus* petition (28 U.S.C. §2254) filed on or about January 24, 2007 by petitioner Aaron Williams Johnson. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving the life sentence imposed following his 1990's murder conviction in the Twenty-Seventh Judicial District Court, St. Landry Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this second and successive habeas corpus petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings as mandated by the provisions of 28 U.S.C. §2244(b).

***Statement of the Case***

Aaron Williams Johnson was convicted of the second degree murder of Calvin Hardy following trial by jury in the Twenty-Seventh Judicial District Court, St. Landry Parish. His conviction was affirmed on appeal by the Third Circuit Court of Appeals on April 16, 1992. *State*

*of Louisiana v. Aaron W. Johnson*, 597 So.2d 1226 (La. App. 3 Cir. 4/16/1992). His subsequent attempts to obtain post-conviction relief in the Louisiana courts failed.

On October 25, 1999, he filed a petition for writ of *habeas corpus* in this court. See *Aaron Johnson v. Warden, Louisiana State Penitentiary*, No. 6:99-cv-1953 [*Johnson I*] Petitioner claimed: (1) that his equal protection and due process rights were violated by the discriminatory process used to select the foreperson of the St. Landry Parish Grand Jury; (2) ineffective assistance of counsel; (3) violations of *Brady v. Maryland* based on the prosecution's failure to disclose the discriminatory grand jury selection process; and (4) improper application of Louisiana law. [*Johnson I*, doc. 1, p. 4]

On May 23, 2000, the undersigned authored a Report recommending dismissal of petitioner's habeas corpus petition based on the procedural default doctrine. [*Johnson I*, doc. 10[1]] Thereafter, on June 22, 2000, United States District Judge Rebecca F. Doherty signed a judgment dismissing petitioner's habeas corpus petition as procedurally defaulted. [*id*., doc. 11] On July 10, 2000, Judge Doherty denied petitioner's request for a Certificate of Appealability (COA). [*id*., doc. 14] On December 12, 2000, the United States Fifth Circuit Court of Appeals also denied petitioner's request for a COA in an unpublished order. *Aaron Johnson v. Burl Cain, Warden,* No. 00-30829. [*id*., doc. 17] Finally, on June 4, 2001, the United States Supreme Court rejected petitioner's application for writ of *certiorari*. [id., doc. 18; see also *Johnson v. Louisiana*, 532 U.S. 1069, 121 S.Ct. 2223, 150 L.Ed.2d 215 (2001).]

---

[1] The undersigned noted that the Application for Post-Conviction Relief which raised these issues in the Louisiana courts was ultimately dismissed by the Third Circuit Court of Appeals as untimely under the provisions of La. Code Crim.P. art. 930.8 as interpreted by *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95); 660 So.2d. 1189. [Johnson I, doc. 10 at p. 3] Citing *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997), the undersigned further noted, "... the Fifth Circuit has held that La. C.Cr.P. art. 930.8 constitutes an adequate state rule regularly invoked which impicates the procedural default doctrine." [*id*., pp. 8-9]

On January 24, 2007 petitioner filed the instant petition in the United States District Court for the Middle District of Louisiana. The petition was transferred to this court on January 26, 2007. [doc. 2] In this proceeding, petitioner clearly attacks his second degree murder conviction in St. Landry Parish. [doc. 1, paragraphs 1-6 [2] ] Petitioner alleges a single claim for relief – the Bill of Information was not timely filed and therefore petitioner's continued custody is illegal. [doc. 1-1, paragraph 12]

***Law and Analysis***

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A) which mandates that a second or successive § 2254 *habeas* petition be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See *In re Epps*, 127 F.3d 364 (5th Cir.1997); see also *In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

Petitioner has raised a single claim concerning the timeliness of the filing of the charging device. This claim was available to the petitioner when he filed his first *habeas* petition.[3] This petition is therefore "second or successive." See *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a

[2] Petitioner alleges that he was convicted and sentenced on May 14, 1990 [doc. 1, paragraph 2]; however, in his original habeas corpus petition filed in 1999 he alleged that the conviction occurred on February 15, 1991. [Johnson I, doc. 1, paragraph 2] Despite this discrepancy, it is clear that both proceedings collaterally attack the same conviction.

[3] Petitioner advances the novel argument that the defect complained of is "[a]n error patent on the face of the record newly discovered by a prison inmate counsel..." [doc. 1, paragraph 12(c).]

subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider it. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper. Accordingly,

**IT IS RECOMMENDED** that petitioner's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on March 14, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)